UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

    Plaintiff,                                    Case No. 02-40255

vs.                                                HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

ROBERT VIETA,                           HONORABLE STEVEN D. PEPE
                                                        UNITED STATES MAGISTRATE JUDGE

    Defendant.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S
SECOND REQUEST FOR APPOINTMENT OF COUNSEL (DKT. # 103) AND
MOTION FOR DISCOVERY (DKT. # 104) AND
GRANTING DEFENDANT'S MOTION FOR LEAVE TO TAKE DEPOSITION (#99)

On October 4, 2002, Plaintiff Gregory Hardy filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging assault, harassment, intimidations and violations of the First and Eighth Amendment. All pretrial proceedings have been referred pursuant to 28 U.S.C. 636(b)(1)(A) and (B).

Defendant has requested leave to take Plaintiff's deposition, which is GRANTED (DKT. # 99).

Plaintiff, in his response to Defendant's motion for leave to take his deposition, renewed his request for appointment of counsel, which was denied by this Court on February 12, 2004 (Dkt. #60) and, after appeal, on May 2, 2006, (Dkt. # 96). Judge Paul V. Gadola denied

Plaintiff's last request for counsel stating that Plaintiff had failed to show that the necessary exceptional circumstances existed for appointment of counsel.  In Plaintiff's current request for counsel he asks that the Court consider as exceptional circumstances the fact that Defendant has now sought to depose him and allegedly sent documents to him at the wrong facility causing a delay in his receipt of the documents.

A party's deposition is not an exceptional circumstance in a civil litigation.

Plaintiff has filed eight notices changing his address in this matter.  The last one was filed on October 4, 2004, and indicates that Plaintiff resides at the Kinross Correctional Facility.  In Plaintiff's request for counsel he indicates that Defendant sent his motion for leave to depose him to Kinross even though he is now apparently housed at the Southern Michigan Correctional Facility (SMCF) (a fact which Defendant knew because he served a prior pleading to Plaintiff at SMCF).  Yet, because Plaintiff has not officially changed his address of record with the court, Defendant's service to Plaintiff at his last recorded address cannot be considered an exceptional circumstance worthy of appointment of counsel.  Therefore, Plaintiff's request for counsel (Dkt. # 103) is DENIED.

Plaintiff filed his motion for discovery on May 24, 2006, requesting inspection and production of various documents and materials.  In Defendant's response to the motion he indicates that he was never served with a discovery request asking for the identified items pursuant to Fed. R. Civ. P. 34 and his concurrence in the motion was never sought.

Plaintiff has, nonetheless, agreed to respond to the motion as though it were a properly served discovery request.  Plaintiff's motion (Dkt. # 104) is therefore DENIED.

SO ORDERED.

Dated: May 30, 2006  
Ann Arbor, Michigan

s/Steven D. Pepe  
United States Magistrate Judge

Certificate of Service

I hereby certify that a copy of this Order was served upon the parties of record by electronic means and/or U. S. Mail on May 30, 2006.

s/William J. Barkholz  
Courtroom Deputy Clerk