UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

        Plaintiff,                      Case No. 02-40255

vs.                                         HONORABLE PAUL V. GADOLA
                                               UNITED STATES DISTRICT JUDGE

ROBERT VIETA,                          HONORABLE STEVEN D. PEPE
                                               UNITED STATES MAGISTRATE JUDGE

        Defendant.
_____ /

**OPINION AND ORDER DENYING PLAINTIFF'S
REQUEST FOR LEAVE TO AMEND (DKT. #121) AND
REQUEST FOR ADDITIONAL TIME FOR DISCOVERY (DKT. #123)**

On October 4, 2002, Plaintiff Gregory Hardy filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, alleging assault, harassment, intimidations and violations of the First and Eighth Amendment. Plaintiff appealed the November 2004 judgment in favor of Defendants and the Sixth Circuit remanded for consideration of Plaintiff's Eighth Amendment claim. All pretrial proceedings have been referred pursuant to 28 U.S.C. 636(b)(1)(A) and (B).

For the reasons stated below, Plaintiff's motion to amend his complaint (Dkt. #121) and motion to extend discovery (Dkt. #123) are DENIED.

**Motion to Amend Complaint**

Plaintiff has requested leave to amend his complaint to add claims against the Michigan Department of Corrections (MDOC), the Michigan Parole Board (MPB) and several members of MPB. This motion is denied for the following reasons:

    (1.)    Because the MDOC is a state agency and the state of Michigan has not consented to

civil rights suits in the federal courts, the MDOC is entitled to Eleventh Amendment immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1998); *Abick v. Michigan*, 803 F.2d 874, 877 (1986).

(2.) MPB is an administrative agency within the executive branch of Michigan's government. *See* Mich. Const.1963, art. 5, § 2; *In re Parole of Bivings*, 242 Mich. App. 363, 619 N.W.2d 163, 167-68 (2000). Therefore, it is also entitled to Eleventh Amendment immunity.

(3.) "[P]arole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers." *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir.1990); *Jones v. Moore*, 986 F.2d 251, 253 (8th Cir.1993) (per curiam); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir.1992); *Farrish v. Mississippi State Parole Bd.*, 836 F.2d 969, 973-74 (5th Cir.1988). Therefore, because the actions of which Plaintiff complains were taken by the proposed MPB member defendants in their positions as MPB members, they would be entitled to absolute immunity from damages liability. *See Ward v. Moss,* 1994 WL 664948, *1 (6th Cir. 1994).

(4.) Plaintiff alleges that the parole board conspired with Defendant Vieta to deny him parole in retaliation for his filing a lawsuit against Defendant Vieta. Yet, the motivations of non-decisionmakers like Defendant Vieta cannot establish the required causal connection in a retaliation case. *Smith v. Campbell,* 250 F.3d 1032, 1038 (6th Cir.2001); *Shehee v. Luttrell,* 199 F.3d 295, 301 (6th Cir.1999). In Michigan, the decision to grant or deny parole is left to the discretion of the parole board. *See* Mich. Comp. Laws Ann. § 791.235; *Sweeton,* 27 F.3d at 1164-65; *Hopkins v. Mich. Parole Bd.,* 237 Mich.App. 629, 604 N.W.2d 686, 689 (1999). Defendant Vieta, a prison guard, was not in the position to grant or deny parole to Plaintiff. Accordingly, Plaintiff could not

establish a causal connection between Defendant Vieta' s alleged motivation for retaliation and the parole board's decision to deny him parole. *Echlin v. Boland*, 111 Fed. Appx. 415, 417, 2004 WL 2203550, *2 (6th Cir. 2004).

(5.)   Further, to the extent Plaintiff is challenging the decision of the MPB, this cannot support a §1983 claim.  Plaintiff's allegation that the proposed defendants conspired to deny his parole necessarily implies the invalidity of his confinement, and he has not shown that his parole revocation has been overturned by either a Michigan state court or a federal habeas corpus decision. Therefore, such a claim is not cognizable under §1983 and, had they been meritorious, would have had to been presented in petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).[1]

**Motion to Extend Discovery**

On August 23, 2006, Plaintiff also filed a one-page document titled "Request for Additional Time for Discovery" (Dkt. #123).  Discovery in this matter ended on July 14, 2006. In this request Plaintiff asks for additional time for discovery without providing a single fact to support the request, which was filed more than one month after discovery ended.[2]

Therefore this motion is denied.

---

[1] The principles espoused in *Heck* have been applied to §1983 actions challenging state parole decisions in the absence of a previous decision by a state or federal tribunal declaring the parole decision invalid.  *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997); *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995).

[2] Plaintiff does appear to refer the court to his motion in opposition to Defendants' motion for summary judgement for further support, but a review of this motion revealed no facts in support of this request.

S<small>O</small> O<small>RDERED</small>.

Dated: October 31, 2006  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge

Certificate of Service

    I hereby certify that a copy of this Order was served upon the parties of record by electronic means and/or U. S. Mail on October 31, 2006.

                                    s/Deadrea Eldridge
                                    Courtroom Deputy Clerk