
Exhibit # 1


11

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GREGORY HARDY,

    Plaintiff,

vs.

ROBERT VIETA,

    Defendant.

_____/

Case No. 02-40255

HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

HONORABLE STEVEN D. PEPE
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

On October 4, 2002, Plaintiff Gregory Hardy filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, alleging assault, harassment, intimidations and violations of the First and Eighth Amendment. Plaintiff appealed the November 2004 judgment in favor of Defendants and the Sixth Circuit remanded for consideration of Plaintiff's Eighth Amendment claim. All pretrial proceedings have been referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(A) and (B).

For the reasons stated below, IT IS RECOMMENDED that Plaintiff's motion for summary judgment (Dkt. #97) and Defendant's motion for summary judgement (Dkt. #120) be DENIED.[1]

### I. Factual Background

Plaintiff alleges that, while housed at the Parnall Correctional Facility in Jackson, Michigan,

---

[1] Plaintiff also made his third request for counsel in his Reply to Defendant's Response (Dkt. #107, p. 8) and submitted a Renewal of Request for counsel (Dkt. #133). A determination of the merit of these requests is stayed pending the disposition of this Report and Recommendation.

1

Defendant Vieta assaulted him. Specifically Plaintiff claims that on September 13, 1999, Defendant Vieta threatened him and assaulted him by pushing a steel door at him and smashing him between the door and a brick wall.

Plaintiff has presented answers to written deposition questions submitted to fellow prisoners, including James Mathieu, who alleges to have seen the assault (Dkt. #97, p. 12), and Kenneth Johnson, who alleges to have heard Defendant harass Plaintiff (Dkt. #124, p. 125). Defendant has submitted his own affidavit in which he denies harassing or assaulting Plaintiff.[2]

## II. Analysis

### A. Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).

---

[2] Defendant's affidavit was purportedly attached as Exhibit A to Defendant's Response to Plaintiff's motion for summary judgment (Dkt. #101, p. 7). Yet, neither the electronically filed version, nor, apparently, Plaintiff's copy had an exhibit attached. Therefore, the undersigned asked Defendant to forward the affidavit, and such is attached hereto.

Yet, as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

**B.   Factual Analysis**

   **1.   Cruel and Unusual Punishment**

Plaintiff alleges that Defendant purposely pushed a steel door on him on September 13, 1999. Defendant denies pushing a door on Plaintiff and asserts, in the alternative, that even if Plaintiff's allegations were true the evidence shows that his injuries were *de minimus* and, therefore, could not give rise to a constitutional violation.

In the original report and recommendation on this issue it was pointed out that the absence of a serious injury is relevant to the calculus to determine whether an assault was unconstitutional, but it is not dispositive of that issue. *Id.* at 7. "[T]he extent of injury suffered may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation, 'or instead evidence such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur,'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

The report also discussed the Supreme Court's holding that [n]ot every push or shove . . . violates a prisoner's constitutional rights. In determining whether the constitutional line has been

3

crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *Id.* at 9.

It was the conclusion of this court that Plaintiff's claims against Defendant were *de minimus* in nature due to the fact that he had no recordable injury. In large measure due to that fact and the existence of little other evidence of Defendant Victa alleged action being wanton, it was concluded that "no reasonable jury could find wanton infliction of pain maliciously and sadistically imposed in a manner "repugnant to the conscience of mankind'" as was necessary to make out an Eight Amendment violation. (Citing *Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (Dkt. #73, p. 8-9). The Report and Recommendation noted:

> Plaintiff suffered no recorded objective injuries as a result of Defendant's alleged conduct. Exhibit C attached to Plaintiff's response to the defendant's motion for dismissal and motion for summary judgment, is a record of a September 15, medical examination performed on Plaintiff two days following the alleged assault. Plaintiff complained to a prison nurse that, "I hurt my back, a door hit my arm as I fell back on the wall." . . . . Yet, the medical records . . . indicate *de minimus* consequences from the shove. The nurse noted that Plaintiff made it to first aid without difficulty, had a steady gait, and complained of lower back discomfort in the mid lumbar area. Apparently, Plaintiff had problems before this because the nurse notes that two weeks earlier Plaintiff failed to show for a neurological appointment and Plaintiff earlier had pain medication and could not take Indocin, Motrin or Naprosyn which caused "GI upset". Other records show "a back injury" and "lay-ins" the prior month and two months prior of "belly pain". The nurse also noted no discoloration, no swelling, no crepitation or loss of motion in upper or lower extremities, and both hands had a strong and equal grip. Plaintiff demanded stronger pain medication and when the nurse offered only Tylenol he demanded to see a Physician's Assistant and yelled at the nurse. R.P. Wagner, PAC, later indicated after discussing the visit by Plaintiff with the nurse, "There is no good medical indication at present for him to see me."

(Dkt. #73, p. 7).

4

The district judge adopted this Report and Recommendation on *de novo* review.

On appeal, the Sixth Circuit disagreed whether the evidence was sufficient to submit to a jury and held that Plaintiff had alleged "an injury that is 'sufficiently serious' to make out an Eight Amendment violation" in that Defendant was alleged to have pushed a steel door on him and the record contained evidence that this was done "wantonly" (Dkt. #90, p. 6). The Sixth Circuit specifically reiterated what was then clearly established that no evidence of serious injury was necessary where a prison official acts maliciously or sadistically. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Yet, that legal fact was acknowledged in the Report and Recommendation on page 5 and again in the quotation from *Moore v. Holbrook*, 2 F.3d 697, 701 (6th Cir. 1993) on pages 6-7.

Defendant's current motion asks this court to grant summary judgment on this same issue because "Plaintiff has failed to come forward with sufficient evidence showing that he suffered more than a *de minimus* injury" (Dkt. #120-1, p. 6). Yet Defendant has not addressed the Sixth Circuit's holding that Plaintiff did not need to show that he suffered more than a *de minimus* injury, because he has alleged and provided some evidence that the force used against him was wanton.

Defendant points out that the Sixth Circuit indicated that the extent of Plaintiff's injuries was not known at the time the opinion was written – apparently, believing that this fact may have been dispositive. Yet the Sixth Circuit opinion only states that "although the extent of [Plaintiff's] injuries is not known, the record reflects that [Defendant] did not push the door on [Plaintiff] during the course of prison security measure" and goes on to say that " '. . . prisoners have the right not to be subjected to the unreasonable threat of injury' *Hadix v. Johnson*, 367 F.3d

at 525". It does not appear that the Sixth Circuit was leaving the door open for Defendant to provide further proof that Plaintiff's injuries were not serious – the main holding of this opinion dictates that the seriousness of Plaintiff's injuries would not be dispositive and there was sufficient evidence from which a jury could infer that Defendant Vieta used force maliciously and sadistically to cause harm (Sixth Circuit Opinion, Docket # 90, p. 6).

Further, Defendant has not provided any evidence regarding Plaintiff's injuries that would contradict this court's original findings on this issue. The injuries have always been considered minor. The hurdle placed by the Sixth Circuit for Defendant to overcome is not whether the injuries are sufficiently serious, but whether the minor injuries were inflicted wantonly, maliciously and sadistically to cause harm. And, Defendant Vieta's affidavit in which he attests that he did not push the steel door on Plaintiff is insufficient (for the purposes of a summary judgment motion) to overcome Plaintiff's testimony; the eyewitness statement regarding Defendant's actions and Plaintiff's, albeit inconclusive,[3] statements to the medical health staff two days later regarding his injuries. Therefore, Defendant's motion for summary judgment based on the evidence should be denied because there remains a question of fact regarding the occurrence of Defendant's alleged conduct and, if it occurred, whether it constituted cruel and unusual punishment.

Similarly, Plaintiff's motion for summary judgment must be denied because of the existence of these questions of fact. Though Plaintiff is correct that the Sixth Circuit held that Plaintiff had stated an injury of sufficient seriousness to escape summary disposition, the opinion

---

[3] Plaintiff complained to a prison nurse that, "I hurt my back, a door hit my arm as I fell back on the wall." There is no mention of the door being pushed into him in his medical report.

6


also stated that there existed a question of fact regarding whether cruel and unusual punishment had occurred. In his motion Plaintiff has not provided any evidence for this court's consideration that was not considered by the Sixth Circuit in finding that there existed a question of fact. Therefore, the question of whether the incident in question occurred and whether it amounted to cruel and unusual punishment should be submitted to the trier of fact.

### 2.   Qualified Immunity

Defendant similarly relies on the lack of serious injury in support of his claim for qualified immunity. Defendant correctly points out that MDOC employees are shielded from civil damages where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (Dkt. #120-1, p. 8) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Yet, Defendant's argument that there exists no clearly established right to be free of "force – even malicious force – . . . if it is not enough to cause more than *de minimus* injury" is directly contradicted by the Sixth Circuit's opinion in this matter. In reaching this conclusion, the Sixth Circuit cites not only *the 1992 Hudson v. Mc Millian* case, but also *Whitley v. Albers*, 475 U.S. 312 (1986), and *Wilson v. Seiter*, 501 U.S. 294 (1991). All of which clearly established the legal standard prior to this September 13, 1999, alleged incident. The Sixth Circuit rejected this Court's earlier assessments that no reasonable jury could find wanton, malicious or sadistic use of force to cause pain or harm in light of the facts of this case including the limited evidence of serious injury. Basically, it determined that this Court invaded the province of the jury to determine whether the alleged act was wanton, malicious and sadistic. If the jury determines this fact question as to Defendant Vieta's intent against him and finds that he did wantonly push the steel door onto Plaintiff in order to cause pain and harm, even if no serious

injury resulted, these factual findings would constitute an Eight Amendment violation under legal standards of *Hudson, Wilson and Whitley* that were clearly established in 1999. Therefore, Defendant's motion for summary judgment on the basis of qualified immunity should be denied.

### III. RECOMMENDATION

For the reasons stated above, it is Recommended that Plaintiff's Motion for Summary Judgment be DENIED and Defendant's Motion for Summary Judgment be DENIED. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections, which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 31, 2006                     s/Steven D. Pepe
Ann Arbor, Michigan                      United States Magistrate Judge

## Certificate of Service

I hereby certify that a copy of this Order was served upon the parties of record by electronic means and/or U. S. Mail on October 31, 2006.

<div style="text-align: right;">
s/Deadrea Eldridge<br>
Courtroom Deputy Clerk
</div>

Exhibit #1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY #252393,

    Plaintiff,      No. 02-40255

v.      HON. PAUL V. GADOLA

ROBERT VIETA, et al.,      MAG. STEVEN D. PEPE

    Defendants.

| | |
|---|---|
| Gregory Hardy #252393<br>*In Pro Per*<br>Straits Correctional Facility<br>4387 West M-80<br>Kincheloe, MI 49785 | Julia R. Bell (P35367)<br>Assistant Attorney General<br>Attorney for Defendant<br>PO Box 30217<br>Lansing, MI 48909<br>PH: (517) 335-7021 |

## AFFIDAVIT OF ROBERT VIETA

Robert Vieta, being duly sworn, deposes and says as follows:

1. If sworn as a witness, I can testify competently to the facts contained within this Affidavit.

2. At all times relevant to this action I was employed by the Michigan Department of Corrections (MDOC) as a Corrections Officer at the Parnall Correctional Facility in Jackson, Michigan.

3. In the course of my employment and in accordance with MDOC policy and procedure, I wrote Major Misconduct Reports on prisoner Gregory Hardy. The Reports were written solely on the basis of the prisoner's violations of prison rules and were neither "bogus" nor "retaliatory" as alleged in the prisoner's civil rights complaint.

1

4. I have never "harassed", threatened or "intimidated" prisoner Hardy and never smashed him between a steel door and a brick wall.

5. I never discussed any facts with prisoner Mathieu and did not "watch for" prisoner Hardy.

6. At all times in my dealings with prisoner Hardy, I acted in good faith and performed my duties with professionalism and in accordance with the policies, procedures and laws governing the MDOC.

7. Documents referenced in or accompanying this affidavit are records of regularly conducted activity of the Michigan Department of Corrections. The records were made at or near the time of the occurrences, reflected by a person with knowledge of those matters, or from information transmitted by a person with knowledge of those matters. The records are kept in the regular course of business of the Michigan Department of Corrections, and any copies of these records attached to or accompanying this Affidavit are true and accurate copies of the original records.

Affiant says nothing further.

_____
Robert Vieta

Subscribed and sworn to before me, a Notary Public,
on the 20th day of February, 2004.

_____
[Notary signature and stamp]

2