UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

        Plaintiff,                          Case No. 02-40255

vs.                                       HONORABLE PAUL V. GADOLA
                                           UNITED STATES DISTRICT JUDGE

ROBERT VIETA,                         HONORABLE STEVEN D. PEPE
                                           UNITED STATES MAGISTRATE JUDGE

        Defendant.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S**
**REQUEST FOR PRODUCTION (DKT. #133 & 134 )**

On October 4, 2002, Plaintiff Gregory Hardy filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, alleging assault, harassment, intimidations and violations of the First and Eighth Amendment. All pretrial proceedings have been referred pursuant to 28 U.S.C. §636(b)(1)(A) and (B). For the reasons stated below, Plaintiff's request for production is GRANTED IN PART.

Plaintiff alleges that, while housed at the Parnall Correctional Facility in Jackson, Michigan, Defendant Vieta assaulted him. Specifically Plaintiff claims that on September 13, 1999, Defendant Vieta threatened him and assaulted him by pushing a steel door at him and smashing him between the door and a brick wall. On November 1, 2006, it was recommended that Defendant's motion for summary judgment be denied. Objections have been filed to this recommendation and not yet ruled upon, but if this recommendation is accepted, the matter will be set for trial. Following several failed efforts of Plaintiff to obtain discovery, on October 31, 2006, it was ordered that Defendant Vieta produce or authorization the production for an *in camera* inspection of:

1. those portions of Defendant Vieta's personnel file that reflect any complaints, personnel action, suspensions, written reprimands or other similar information;

2. certain manning sheets or a declaration under 28 U.S.C. § 1746 that they no longer exist;

3. any felony or misdemeanor criminal history of Defendant Vieta.

Defendant Vieta's personnel files were produced.  These have reviewed and there is no record of any prior assaultive behavior regarding any inmate.  There is only one disciplinary action potentially relevant under Fed. R. Evid. 608 (b)(1) concerning Defendant Vieta's character for untruthfulness.  Defendant Vieta's 1998 Employee Disciplinary Report and its related documents shall be produced to Plaintiff.  These documents relate to a March 24, 1998, incident in which Defendant Vieta miscounted the prisoners at the Parnall Correctional Facility and then filed a false misconduct report against inmate #226532 for being out of his cell (when he was in fact there) to try to cover it up for the miscount.

It was noted in a declaration under 28 U.S.C. §1746 by defense counsel that the manning sheets no longer exist for 1998 and 1999 because they are destroyed on a five year retention cycle. It was anticipated under the October 31, 2006, order that the declaration under 28 U.S.C. §1746 would be signed by a person having first hand personal knowledge of the events noted and not a hearsay reiteration thereof by counsel for the Defendant.  Yet, the order could have been clearer on this point, and there is no basis to question the validity of the defense counsel's representation being an accurate relaying of information he was provided.  While these destroyed 1998-99 manning sheets existed when this lawsuit was filed in 2002, raising the question of whether Plaintiff might seek a spoilation instruction – they were not in the possession of Defendant Vieta nor were they destroyed by him or his direction but rather under a routine Department of Correction policy.

The criminal history of Defendant Vieta was not produced, though the cover letter states that it is attached. My Deputy Clerk called defense counsel to see if this was an oversight in assembling the attachment. A letter response indicated that the criminal history was not in the employment file. The October 31 order noted

> Defendant is ordered on or before November 30, 2006, . . .
> * * *
> 3. to disclose to the court for an *in camera* review any felony or misdemeanor criminal history he may have in response to Request IV.

It is unclear why defense counsel thought that Defendant Vieta did not need to produce to the Court his criminal record if it was not in his personnel file. Accordingly Defendant Vieta is ordered produce to the Court on or before January 22, 2007, his criminal record other than the August 27, 1995, incident that was noted in the personnel file but which is found not admissible nor reasonably likely to lead to the discover of admissible evidence under Fed. R. Civ. P. 26(b)(1).

SO ORDERED.


Dated: January 5, 2007                                     s/Steven D. Pepe
Flint, Michigan                                            United States Magistrate Judge

Certificate of Service

     I hereby certify that on January 5, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Kevin R. Himebaugh, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Gregory Hardy, #252393, Belllamy Creek Correctional Facility, 1727 W. Bluewater Hwy., Ionia, MI 48446.

                                                       s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peliter@mied.uscourts.gov