UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREGORY HARDY,

                                     CIVIL CASE NO.: 02-40255

                 Plaintiff,

v.

ROBERT VIETA,                          HONORABLE PAUL V. GADOLA
                                                 U.S. DISTRICT JUDGE

                 Defendant.

_____/

## ORDER

      This civil rights action, pursuant to 42 U.S.C. § 1983, that was originally filed *pro se* on

October 4, 2002. After the Court initially dismissed the complaint, the Sixth Circuit reversed and

remanded the case on April 4, 2006, for further proceedings. On August 14, 2006, Plaintiff filed

a motion to amend the complaint, seeking to add the Michigan Department of Corrections

("MDOC") and the Michigan Parole Board ("MPB"). Magistrate Judge Steven D. Pepe denied

Plaintiff's motion on October 31, 2006, finding that the amendment adding the MDOC and the MPB

would be futile because: (1) MDOC, as an agency of the State of Michigan, is entitled to Eleventh

Amendment immunity, *see Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); (2)

the MPB is an administrative agency within the executive branch of Michigan's government, *see*

Mich. Const. 1963, art. 5, § 2; *In re Parole of Bivings*, 619 N.W.2d 163, 167-68 (2000), and

therefore is also entitled to Eleventh Amendment immunity; (3) the MPB members are "immune

from liability for their conduct in individual parole decisions when they are exercising their decision

making powers," *see e.g., Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990), and therefore are

entitled to immunity from Plaintiff's suit; (4) Vieta cannot be part of a conspiracy with the MPB to deny Plaintiff's parole because Vieta had no discretion in the parole decision process, *Echlin v. Boland*, 11 Fed. Appx. 415, 417 (6th Cir. 2004); and (5) to the extent that Plaintiff is challenging the decision of the MPB, a § 1983 claim barred because it necessarily implies the invalidity of his confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff initially filed an objection to the order on November 15, 2006. After counsel was appointed for Plaintiff, counsel filed an unopposed motion to file a substitute objection. That motion was granted and now before the Court is Plaintiff's September 5, 2007 substitute objection, Defendant's July 9, 2008 response brief, and Plaintiff's July 18, 2008 reply brief.

Non-dispositive orders issued by a magistrate judge are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> **Nondispositive Matters**. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

According to the Supreme Court and the United States Court of Appeals for the Sixth

Circuit, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

In the present case, Plaintiff asserts that Magistrate Judge Pepe's order denying his motion to amend the complaint was clearly erroneous.[1] Plaintiff contends that the immunity extended to the MPB members for their conduct in individual parole decisions when they are exercising their decision making powers is inapplicable to the present case. Plaintiff argues that his claim arises not out of "parole decisions" but out of the systematic failure to correct material inaccuracies in the information relied upon by the MPB. Plaintiff asserts that even though the alleged inaccuracies were brought to the MPB's attention several times, they repeatedly failed to correct the information. These inaccuracies allegedly led to Plaintiff being denied a parole interview before the MPB. Plaintiff cites the case of *Owens v. Birkett*, 2002 WL 337527 at *2 (E.D. Mich. Feb. 22, 2002) in support of his claim that he has a constitutionally protected right to the expungement of any false information in his file that leads to the deprivation of liberty. Although Plaintiff may be correct in this regard, and the Plaintiff may not necessarily be *Heck*-barrred from bringing a claim to challenge the state parole eligibility procedures used, *see e.g., Wilkinson v. Dotson*, 544 U.S. 74 (2005), the

---

[1] Plaintiff readily concedes that with respect to MDOC, amending the complaint would be futile because the MDOC is immune from § 1983 suits. Therefore, there can be no error assigned to Magistrate Judge Pepe's order in this regard because a motion to amend is properly denied when the amendment would be futile. *See e.g., Jet, Inc. v. Sewage Aeration Systems*, 165 F.3d 419, 425 (6th Cir. 1999).

Court need not reach either decision in upholding the denial of Plaintiff's motion to amend.

A motion to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). However, undue delay, bad faith, or a dilatory motive on the part of the moving party, or undue prejudice to the non-moving party, each constitute a proper basis for denial of the motion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, Plaintiff filed his original claims on September 20, 2002, nearly six years ago. Plaintiff alleged assault and intimidation against Defendant Vieta based upon a September 13, 1999 incident during which Plaintiff alleges Defendant Vieta pushed a steel door at him and squeezed him between the steel door and a brick wall. This Court initially granted Defendant Vieta's motion to dismiss and motion for summary judgment on March 23, 2004. After considering the matter, the Sixth Circuit reversed and remanded on April 4, 2006, for further proceedings. Plaintiff's motion to amend was not filed until August 14, 2006, nearly four years after his original complaint was filed. Plaintiff has not offered any reason for this four year delay in seeking to bring the new claims against the new defendants. Defendants argue that prejudice and delay would result from Plaintiff's amendment, forcing additional discovery on these new claims and additional time for a new round of dispositive motions.

The Court agrees that an amendment to the complaint at this very late juncture, adding new parties and a new claims, is not appropriate for several reasons. First, Plaintiff has cited no valid reason for the undue delay. Plaintiff's motion to amend the complaint was filed nearly four years after the start of litigation and after the close of discovery. Although delay alone is usually insufficient to deny a motion to amend, *see Commercial Money Center, Inc. v. Illinois Union Ins.*

4

*Co.*, 508 F.3d 327 (6th Cir. 2007), in this case, the claim against Vieta and the claims against the members of the MPB would be at vastly different stages of litigation. The claim against Vieta has already been appealed, remanded, and proceeded through discovery while the claims against the members of the MPB are only now being alleged. Therefore, attaching the new claims to the old case would not serve judicial economy in any way. Second, Plaintiff's new claim against the members of the MPB, pertaining to the members alleged failures to correct errors in Plaintiff's Parole Guideline Scoring Sheet in 2002, 2003, and 2004, is unrelated to the alleged 1999 physical assault by Defendant Vieta. *See Hetep v. Warren*, 27 Fed. Appx. 308, 309 (6th Cir. 2001)(finding the district court did not abuse its discretion when it denied a motion to amend that "sought to allege new, unrelated claims against new defendants."). Third, Defendant would suffer prejudice in that "adding new defendants and new claims" at this very late stage of the proceeding "hinders the original defendant's ability to obtain a swift final judgment on the claims brought against him." *Hayes v. Toombs*, Case No. 93-2207, 1994 WL 28606 (E.D. Mich. Feb. 1, 1994).

As a result of the foregoing analysis, the Court is unable to conclude that Magistrate Judge

Pepe's order denying the motion to amend the complaint was clearly erroneous or contrary to law.

*See* Fed. R. Civ. P. 72(a).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's objection to Magistrate Judge

Pepe's order denying the motion to amend the complaint are **OVERRULED**.

**SO ORDERED.**


Dated:  July 30, 2008                    s/Sean F. Cox   for
                                         HONORABLE PAUL V. GADOLA
                                         UNITED STATES DISTRICT JUDGE

| Certificate of Service |
| --- |
| I hereby certify that on   August 4, 2008    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <br>         Kevin R. Himebaugh; John S. LeRoy; Brian S. Tobin                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____. <br><br> s/Ruth A. Brissaud_____ <br> Ruth A. Brissaud, Case Manager <br> (810) 341-7845 |